FILED

DEC 2 3 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MARINO PAZ,                                    §
TDCJ No. 01639979,                             §
                                               §
            Petitioner,                        §
                                               §
v.                                             §        Civil No. SA-19-CA-0046-OLG
                                               §
LORIE DAVIS, Director,                         §
Texas Department of Criminal Justice,          §
Correctional Institutions Division,            §
                                               §
            Respondent.                        §

## MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Marino Paz's Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Davis's Answer (ECF No. 9) thereto.

Petitioner challenges the constitutionality of his 2010 state court conviction for aggravated

sexual assault of a child, arguing (1) his conviction was obtained in violation of his constitutional

rights because there was no evidence to support his conviction, (2) state officials conspired to

obtain an indictment against him without presenting any evidence or allowing him to testify

before the grand jury, (3) trial counsel rendered ineffective assistance by not presenting a proper

case due to the fact he was not a paying client, and (4) newly-discovered affidavits from the

victim and her mother demonstrate he is actually innocent of the charged offense. In her answer,

Respondent contends the first three allegations should be dismissed with prejudice as

procedurally defaulted and untimely and that the fourth allegation should be dismissed for failing

to raise a cognizable claim.

Having carefully considered the record and pleadings submitted by both parties, the

Court agrees with Respondent that Petitioner's first three allegations are barred from federal

habeas review by both the procedural default doctrine and the one-year statute of limitations

embodied in 28 U.S.C. § 2244(d)(1). The Court also agrees that Petitioner's fourth allegation fails to raise a cognizable claim. Thus, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

## I. Background

In April 2010, Petitioner plead *nolo contendere* to the offense of aggravated sexual assault of a child and was sentenced to fifteen years of imprisonment. *State v. Paz*, No. 2009-CR-9802 (187th Dist. Ct., Bexar Cnty., Tex. Apr. 19, 2010) (ECF No. 10-3 at 109-10). Petitioner did not appeal his conviction and sentence. Instead, Petitioner waited until August 14, 2017, to file a state habeas corpus application challenging his conviction and sentence, which the Texas Court of Criminal Appeals (TCCA) ultimately denied without written order on November 22, 2017. *Ex parte Paz*, No. 87,571-01 (Tex. Crim. App.) (ECF Nos. 10-1 and 10-3). The instant federal habeas petition was later placed in the prison mail system on January 3, 2019. (ECF No. 1 at 11).

## II. Analysis

A. **Exhaustion and Procedural Default** (Claims 1-3).

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. *See* 28 U.S.C. § 2254(b)(1)(A) (stating that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the highest state court in a procedurally proper manner. *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002). In Texas, the highest state court for criminal matters is the TCCA, and a prisoner must present the substance of his claims to the TCCA in either a PDR or an application for writ of habeas corpus under Texas Code of

Criminal Procedure Article 11.07. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Respondent contends that Petitioner's first three allegations are unexhausted and thus procedurally barred from federal habeas corpus relief. Indeed, the record confirms Petitioner has not fairly presented these allegations to the state court in either a PDR or state habeas application prior to seeking federal habeas corpus review. (ECF No. 10-3 at 9-17, 23-36). Because the allegations are being presented for the first time in this federal habeas proceeding, they are unexhausted under § 2254(b) and procedurally barred from federal habeas review.

"A procedural default . . . occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citation and internal quotation marks omitted). Petitioner failed to exhaust state court remedies with regard to the first three allegations raised in his federal habeas petition before this Court. Should the Court now require Petitioner to return to state court to satisfy the exhaustion requirement, the TCCA would find the claims procedurally barred under the abuse of the writ doctrine found in Article 11.07 § 4 of the Texas Code of Criminal Procedure. Because Texas would likely bar another habeas corpus application by Petitioner, he has committed a procedural default that is sufficient to bar federal habeas corpus review. *See, e.g., Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (same).

Consequently, Petitioner is precluded from federal habeas review of these claims unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure

to consider his claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Barrientes v. Johnson*, 221 F.3d 741, 758 (5th Cir. 2000). Petitioner has made no attempt to demonstrate cause and prejudice for his failure to raise these claims in state court. Nor has he made any attempt to show the Court's dismissal of these claims will result in a "fundamental miscarriage of justice." Thus, circuit precedent compels the denial of Petitioner's first three claims as procedurally defaulted.

**B.      The Statute of Limitations (Claims 1-3).**

Respondent also contends the first three allegations raised in Petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final May 19, 2010, when the time for appealing his judgment and sentence expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on May 19, 2011. Because Petitioner did not file his § 2254 petition until January 3, 2019—over seven-and-a-half years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

1.  **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, although § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection," Petitioner's state habeas application does not toll the limitations period either. As discussed previously, Petitioner's state habeas application was submitted in August 2017, well after the limitations period expired for challenging his underlying conviction and sentence. Because Petitioner filed the application after the time for filing a federal petition under § 2244(d)(1) has lapsed, it still would not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, no grounds for statutory tolling are shown.

2.  **Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, equitable tolling is only available in cases presenting "rare and exceptional

5

circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has made no attempt to demonstrate that equitable tolling should apply in this case. In fact, Petitioner did not file a reply to Respondent's Answer asserting the statute of limitations, and his federal habeas petition failed to assert that an extraordinary circumstance prevented him from filing earlier or establish that he has been pursuing his rights diligently. Instead, under the heading "Timeliness of Petition," Petitioner essentially reiterated the claims for relief raised earlier in his federal petition. But even with the benefit of liberal construction, Petitioner has provided no justification for the application of equitable tolling, and a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Each of Petitioner's first three allegations concern the constitutionality of his April 2010 conviction for aggravated sexual assault of a child. However, Petitioner fails to show that these claims could not have been discovered and presented at an earlier date, much less explain why he waited until August 2017 to challenge his conviction in a state habeas application and then waited over a year to file the instant federal petition once his state habeas proceeding had concluded. Because Petitioner failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

## 3. Actual Innocence

Finally, based on affidavits submitted by the complainant and her mother, Petitioner contends he is actually innocent of the crime for which he was convicted. In *McQuiggin*, 569 U.S. at 386, the Supreme Court held that a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup v. Delo,* 513 U.S. 298, 329 (1995). But "tenable actual-innocence gateway pleas are rare," and, under *Schlup*'s demanding standard, the gateway should open only when a petitioner presents new "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin*, 569 U.S. at 386, 401 (*quoting Schlup,* 513 U.S. at 316). In other words, Petitioner is required to produce "*new* reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 324.

Petitioner does not meet this demanding standard. As pointed out by Respondent in her Answer, Petitioner pled no contest to the charges, and "recanting affidavits and witnesses are viewed with extreme suspicion by the courts." (ECF No. 9 at 12) (citing *Spence v. Johnson,* 80 F.3d 989, 1003 (5th Cir. 1996)). The affidavits provided by Petitioner therefore do not constitute "*new reliable* evidence" establishing his innocence. Indeed, although provided in support of an ineffective assistance of counsel claim, the credibility of Petitioner's affidavits was implicitly rejected by the state court during Petitioner's state habeas proceedings and thus do not undermine confidence in the outcome of his trial. Consequently, the untimeliness of Petitioner's federal habeas petition will be not excused under the actual-innocence exception established in *McQuiggin*.

## C. Petitioner's Claim of Actual Innocence (Claim 4).

Based on the affidavits of the complainant and her mother stating that the charges against Petitioner were false, Petitioner's fourth claim alleges a "freestanding" claim of actual innocence under *Herrera v. Collins*, 506 U.S. 390, 417 (1993). However, claims of actual innocence based on newly discovered evidence do not provide a basis for federal habeas relief. *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000) (citing *Herrera*, 506 U.S. at 400). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Herrera*, 506 U.S. at 399. Although the *Herrera* court left open the question of whether, in a capital case, "a truly persuasive demonstration of 'actual innocence' made after trial would . . . warrant habeas relief if there were no state avenue open to process such a claim," 506 U.S. at 417, the Fifth Circuit has consistently rejected this theory.[1] *See Cantu v. Thaler*, 632 F.3d 157, 167 (5th Cir. 2011); *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009); *Graves v. Cockrell,* 351 F.3d 143, 151 (5th Cir. 2003) (collecting cases). Accordingly, Petitioner's claim must be rejected because a freestanding claim of actual innocence is not a cognizable claim for federal habeas relief.

## III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The

---

[1]     In later revisiting the issue of actual innocence, the Supreme Court declined to resolve the question of whether freestanding actual-innocence claims are to be recognized in federal habeas proceedings. *House v. Bell*, 547 U.S. 518, 555 (2006).

petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack*, 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion

After careful consideration, the Court concludes that Petitioner's allegations challenging the constitutionality of his conviction and sentence (Claims 1-3) are procedurally defaulted and barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). The Court also concludes that Petitioner's remaining allegation (Claim 4) fails to raise a cognizable claim for federal habeas relief. As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and Petitioner Marino Paz's Petition for

Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH**

**PREJUDICE**;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

SIGNED this the ____ day of December, 2019.

**ORLANDO L. GARCIA**
**Chief United States District Judge**